**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARQUAYLE MARTIN (on behalf of himself and others similarly situated), | ) ) ) | |
| Plaintiff, | ) ) | CAUSE NO. 1:15-CV-384-TLS-SLC |
| v. | ) ) | |
| CITY OF FORT WAYNE, | ) ) | |
| Defendant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. The parties held a planning meeting under Fed. R. Civ. P. 26(f) on September 28, 2016 and agreed to this report. Christopher C. Myers participated for the plaintiff, and Carolyn M. Trier participated for the defendant.

2. Jurisdiction.

   The court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  This is a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that his vehicle was seized by the City of Fort Wayne and presents a claim under the Fourth and Fourteenth Amendments of the United States Constitution.  Presently, Plaintiff asserts only a "policy" claim against the City of Fort Wayne. The Court has considered and denied Defendant's Motion to Deny Class Certification. (DE 35)  The Defendant will be seeking permission to take an interlocutory appeal on this ruling. All dates set forth herein may need to be adjusted if the case is stayed.

3. Pre-Discovery Disclosures.

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by November 1, 2016.

4. Discovery Plan.

The parties acknowledge that the Plaintiff will be seeking class certification under Rule 23; therefore, this discovery plan is more complex than the usual plan, and the deadlines are extended to accommodate these complexities.  The Defendant objects to class certification and does not agree that this case is proper for class certification under Rule 23.  Defendant further objects to the proposed discovery plan because it does not believe this case is proper as a class action and all the discovery proposed by the Plaintiffs is based upon a class being certified by the Court.

Discovery shall relate to the following issues:

i)      Rule 23 issues relating to numerosity, commonality, typicality, fair and adequate representation, whether common question of law or fact predominate over individual claims, and other Rule 23 issues;

ii)     The practices, customs, policies, and/or procedure (if any) of the City of Fort Wayne in seizing vehicles.

iii)    The facts and circumstances of the vehicle seizures and damages suffered by the putative class members and the class representatives.

Disclosure or discovery of electronically stored information should be handled as follows:

Plaintiffs will be seeking all electronically stored information regarding individual incidents of vehicle seizure/detention over the last 10 years, as well as all electronic evidence of emails/communications/directives/policies/correspondence between and among City officials and representatives concerning the seizure of vehicles

The last date to complete all discovery is May 31, 2017.

Plaintiff proposes a maximum of 50 interrogatories by each party to any other party.

Defendant proposes a maximum of 30 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 20 depositions by plaintiffs and 20 by defendant.

Each deposition other than of plaintiff and defendant policy makers is limited to a maximum of 4 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

> March 2, 2017 for plaintiff;

> April 1, 2017 for defendant; and

> May 1, 2017 for Rule 26(e) supplements.

5. Other Items.

The last date the plaintiffs may seek permission to join additional parties and to amend the pleadings is December 1, 2016.

The last date the defendant may seek permission to join additional parties and to amend the pleadings is January 2, 2017.

The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

Defendant anticipates filing a motion for summary judgment. Dispositive motions are to be filed by June 1, 2017.

The case should be ready for a jury trial by December 2017 and at this time is expected to take approximately 10 days.

Plaintiff anticipates filing a motion for class certification and a supporting brief as soon as is practicable, i.e. after discovery is conducted on the Rule 23 issues presented in this

claim.  The timing of this motion, Defendant's response, and the Court's ruling is open to discussion.

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation

The parties have agreed upon C. Erik Chickedantz as mediator.

Date: September 28, 2016


/s/ Christopher C. Myers                   /s/ Carolyn M. Trier

809 S. Calhoun Street, Suite 400        P.O. Box 5528

Fort Wayne, IN 46802                   Fort Wayne, IN 46895

cmyers@myers-law.com                carolyntrier@trierlaw.com

Counsel for Plaintiff                    Counsel for Defendant