UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARQUAYLE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | CAUSE NO. 1:15-CV-384-TLS-SLC |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF FORT WAYNE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT – CLASS ACTION

COMES NOW Plaintiff, MarQuayle Martin, on behalf of himself and all other similarly-situated individuals, by counsel, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, alleges against the Defendant City of Fort Wayne as follows:

1. Representative Plaintiff MarQuayle Martin resides in the City of Fort Wayne, Indiana. He brings this class action lawsuit on behalf of himself and all other similarly-situated persons, to wit, the "Class" of putative class members, which is defined as follows:

   Individuals who from August 17, 2013 until the present time, were subjected to traffic stops by City of Fort Wayne police officers, and had their vehicles immediately seized, towed and impounded without a warrant and the owners' consent, or any legal justification to do so; the vehicle seizures occurred without any pre-deprivation notice and/or hearing prior to the seizure, towing, and impoundment; and City officers failed to permit the vehicle owners to have a licensed driver present at the scene drive the vehicle from the scene.

2. The Defendant City of Fort Wayne ("City"), is responsible for the policies, practices, procedures and customs that are and have been in effect at the Fort Wayne Police Department regarding the seizure and automatic impoundment of vehicles. The City is named in its official capacity pursuant to 42 U.S.C. § 1983. The City's policies, practices, procedures, and customs (or lack of) pertaining to the seizure and automatic

tow and impoundment of vehicles without allowing owners of the vehicles to permit alternative licensed drivers on the scene to drive the vehicles away, are unreasonable and unconstitutional and constitute unreasonable seizures of the Fourth Amendment of the United States Constitution and constitute a denial of procedural due process under the Fourteenth Amendment of the United States Constitution (failing to provide notice and an opportunity for a hearing prior to depriving owners of their vehicles). Furthermore, the City and the Chief of Police of the City of Fort Wayne failed to train and supervise its police officers regarding the seizure and automatic towing and impoundment of vehicles without allowing the owners to use alternative drivers and/or without allowing licensed drivers on the scene to drive the vehicles away.

3. MarQuayle Martin was driving his vehicle in Fort Wayne Indiana on June 27, 2014, when he was stopped by City of Fort Wayne Police Officers, and then arrested. A licensed driver was in the car at the time of the vehicle stop and was willing to drive the Plaintiff's car away from the scene when Plaintiff was arrested. The Plaintiff asked that the individual be permitted to drive the car away, but his requests were denied by the officers.

4. The Plaintiff objected to the officers' seizure and towing of his vehicle, and repeatedly asked why his car had to be towed and impounded, when a licensed driver at the scene had indicated she could drive the vehicle home. Nevertheless, the Fort Wayne City police officers decided to tow the Plaintiff's vehicle and automatically impound it, even though they had no warrant for the seizure of the car, no probable cause to search or seize the car, and even though they had given the Plaintiff no pre-deprivation notice or

hearing as to why automatic impoundment was required.

5. As a result of the automatic towing and impoundment, MarQuayle Martin's Fourth Amendment right against unreasonable seizure of his property was violated, and his Fourteenth Amendment right to procedural due process was violated (he received no notice or hearing prior to the seizure). The decisions to take the car into custody and to conduct a search of the vehicle were not done in accordance with standardized criteria or established routine required by the Fourth Amendment. There was no constitutionally legitimate reason to tow, impound or search Plaintiff's car.

6. The wrongful and unlawful seizure of the Plaintiff's vehicle was the result of the Defendant City of Fort Wayne's unconstitutional/ constitutionally defective policies, practices, procedures, and/or customs that were in effect governing the seizure and automatic impoundment of vehicles. In addition, the City failed to adequately train and supervise its personnel on the appropriate versus inappropriate seizure, automatic towing of vehicles, and impoundment of vehicles, such as where the owner has consented to a licensed driver present to drive the vehicle from the scene.

7. As a result of the officers' unreasonable seizure of Plaintiff's vehicle, and as a result of depriving Plaintiff of procedural due process by automatically seizing, towing and impounding the vehicle without any pre-deprivation notice or hearing (violation of due process under the Fourteenth Amendment), the Plaintiff suffered otherwise avoidable towing charges and storage fees, the loss of the benefit of the value and use of his vehicle, and Plaintiff suffered inconvenience, emotional distress, and other damages and injuries.

8. Pursuant to Local Rule 23.1 of the Local Rules of the United States District Court of Northern District of Indiana, set forth below are references to the portions of the Fed. R. Civ. P. 23 under which it is claimed that this suit is properly maintained as a class action.

    a. Plaintiff maintains that:

        i) The class is so numerous that joinder of all putative class members would be impracticable,

        ii) There are questions of law or fact common to the class;

        iii) The claims of the class representative (MarQuayle Martin) are typical of the claims of the class members, and

        iv) The class representative will fairly and adequately protect the interests of the class.

    b. This action is maintainable as a class action because the prerequisites of Rule 23(a) are satisfied, and in addition:

i) There are questions of law or fact common to the members of the class which predominate over any questions affecting only individual members, and that pursuant to Rule 23 (b) (3) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and:

    (A) There is no interest of members of the class in individually controlling the prosecution of separate actions;

    (B) There is no collateral litigation to this case which has been commenced by other putative class members, at least such litigation is unknown to either

4

    the named Plaintiff or his counsel;

 (C) It would be desirable of concentrating the litigation of any and all claims similar to that of the Plaintiffs in one (1) forum (this Court); and

 (D) There are no known difficulties likely to be encountered in the management of this class action).

9. Additionally, Plaintiff asserts on behalf of himself individually only, and not on behalf of the class:

 a. Plaintiff is MarQuayle Martin, a black male who resides in Fort Wayne, Indiana, and who, on June 27, 2014, was driving his vehicle on St. Mary's Avenue in Fort Wayne, Indiana, when he was stopped by Fort Wayne City Police Department Officers Barry Pruser, Michael Long, Martin Grooms, Derrick Demorest, and Todd Hughes.

 b. Defendants Fort Wayne City Police Department Officers Barry Pruser, Michael Long, Martin Grooms, Derrick Demorest, and Todd Hughes are sued in their individual capacity and as persons acting under color of law whose actions in subjecting the Plaintiff to unconsented to search of property and unreasonable seizure of property violated Plaintiff's constitutional rights to be free from unreasonable search and seizure under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.   In the alternative, the individually named officers are liable to the Plaintiff based upon bystander liability, for failing to intervene on the Plaintiff's behalf to stop the rights violations, in spite of having a meaningful opportunity to do so.

c. On or about June 27, 2014, Plaintiff was pulled over by Defendants Long and Pruser.

d. Plaintiff was later put into the back of a police car, and these officers decided that Plaintiff's car had to be towed, even though it did not need to be towed because Plaintiff had a licensed passenger who could drive the car.   Plaintiff asked repeatedly why his car had to be towed.   The officers ignored the Plaintiff.   The officers decided to tow Plaintiff's vehicle even though they had no probable cause to do so, and they left Plaintiff's five year-old daughter and two female cousins standing waiting for a ride.

e. These officers unlawfully seized Plaintiff's vehicle and also made an illegal search of it without probable cause, a warrant, or legal justification to do so, which also violated Plaintiff's constitutional rights under the Fourth Amendment.   Defendant officers made the decision to tow and impound Plaintiff's vehicle even though a licensed driver was available and ready to drive Plaintiff's vehicle from the scene.   Plaintiff was deprived of procedural due process under the Fourteenth Amendment, receiving no notice or opportunity to be heard prior to the "automatic towing and impoundment."   Defendant officers acted intentionally and in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to punitive damages.

f. As a direct and proximate result of Defendants officers' treatment, Plaintiff suffered the wrongful loss of the possession and use of his property, emotional distress, and other damages and injuries.   The Defendant officers also acted

intentionally and in reckless disregard of Plaintiff's federally protected civil rights warranting an imposition of punitive damages against the individual Defendants.

WHEREFORE, Plaintiff MarQuayle Martin, on behalf of himself and putative class members who are similarly situated, respectfully request a judgment against the Defendant City of Fort Wayne for compensatory damages, for a declaratory judgment and for injunctive relief, for cost of the action including attorneys' fees and costs under 42 U.S.C. §§ 1983 and 1988, and for all other just and proper relief in the premises.   Plaintiff, individually only, prays for compensatory and punitive damages against the individual officer Defendants Barry Pruser, Michael Long, Martin Grooms, Derrick Demorest, and Todd Hughes, reasonable attorney's fees and costs, and for all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
Attorney for Plaintiffs

CCM/DF