UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MARQUAYLE MARTIN (on behalf of himself and others similarly situated),

    Plaintiff,

v.

CITY OF FORT WAYNE,

    Defendant.

CAUSE NO. 1:15-CV-384-TLS-SLC

# FIRST AMENDED REPORT OF PARTIES' PLANNING MEETING

1. The parties held a planning meeting under Fed. R. Civ. P. 26(f) on March 12, 2018 and agreed to this report. Christopher C. Myers participated for the plaintiff, and Carolyn M. Trier participated for the defendant.

2. Jurisdiction.

   The court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. This is a putative class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff contends that his vehicle was seized by the City of Fort Wayne and presents a claim under the Fourth and Fourteenth Amendments of the United States Constitution. Presently, Plaintiff asserts only a "policy" claim against the City of Fort Wayne. The Court has considered and denied Defendant's Motion to Deny Class Certification. (DE 35). The Defendant will be seeking permission to take an interlocutory appeal on this ruling. All dates set forth herein may need to be adjusted if the case is stayed.

3. Pre-Discovery Disclosures.

   The parties will exchange, *but may not file*, Rule 26(a)(1) information by May 1, 2018.

4. Discovery Plan.

   The parties acknowledge that the Plaintiff will be seeking class certification under Rule

23; therefore, this discovery plan is more complex than the usual plan, and the deadlines are extended to accommodate these complexities. The Defendant objects to class certification and does not agree that this case is proper for class certification under Rule 23. Defendant further objects to the proposed discovery plan because it does not believe this case is proper as a class action and all the discovery proposed by the Plaintiffs is based upon a class being certified by the Court.

Discovery shall relate to the following issues:

i) Rule 23 issues relating to numerosity, commonality, typicality, fair and adequate representation, whether common question of law or fact predominate over individual claims, and other Rule 23 issues;

ii) The practices, customs, policies, and/or procedure (if any) of the City of Fort Wayne in seizing vehicles.

iii) The facts and circumstances of the vehicle seizures and damages suffered by the putative class members and the class representatives.

iv) Defendant's defenses to Plaintiff's claims.

Disclosure or discovery of electronically stored information should be handled as follows:

Plaintiffs will be seeking all electronically stored information regarding individual incidents of vehicle seizure/detention over the last 10 years, as well as all electronic evidence of emails/communications/directives/policies/correspondence between and among City officials and representatives concerning the seizure of vehicles

The last date to complete all discovery is January 15, 2019.

Plaintiff proposes a maximum of 50 interrogatories by each party to any other party.

Defendant proposes a maximum of 25 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 20 depositions by plaintiffs and 20 by defendant.

Each deposition other than of plaintiff and defendant policy makers is limited to a maximum of 4 hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

> December 1, 2018 for plaintiff;
>
> January 2, 2019 for defendant; and
>
> February 15, 2019 for Rule 26(e) supplements.

5. Other Items.

   The last date the plaintiffs may seek permission to join additional parties and to amend the pleadings is May 1, 2018.

   The last date the defendant may seek permission to join additional parties and to amend the pleadings is May 15, 2018.

   The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.

   Defendant anticipates filing a motion for summary judgment. Dispositive motions are to be filed by June 1, 2019.

   The case should be ready for a jury trial by October 2019 and at this time is expected to take approximately 10 days.

   Plaintiff anticipates filing a motion for class certification and a supporting brief as soon as is practicable, i.e. after discovery is conducted on the Rule 23 issues presented in this claim. The timing of this motion, Defendant's response, and the Court's ruling is open to

discussion.

6. Alternative Dispute Resolution.

   The case's settlement prospects may be enhanced via the following ADR procedure:

   Mediation

   The parties have agreed upon C. Erik Chickedantz as mediator.

   Date: March 12, 2018

| | |
|---|---|
| /s/ Christopher C. Myers | /s/ Carolyn M. Trier |
| 809 S. Calhoun Street, Suite 400 | P.O. Box 5528 |
| Fort Wayne, IN 46802 | Fort Wayne, IN 46895 |
| cmyers@myers-law.com | carolyntrier@trierlaw.com |
| Counsel for Plaintiff | Counsel for Defendant |